RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/22/06
GR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| MARY SUSAN BELL, and SUE BELL HOLIDNGS L.L.C.<br>appellants | * * * * | CIVIL ACTION NO. 05-2008 |
| VERSUS | * * | JUDGE RICHARD T. HAIK |
| W. SIMMONS SANDOZ<br>appellee | * * | MAGISTRATE JUDGE METHVIN |

**JUDGMENT**

Mary Susan Bell, hereinafter Ms. Bell, and Sue Bell Holdings, hereinafter Holdings, filed an appeal from the Bankruptcy Court's Judgment rendered against Ms. Bell and Holdings on June 21, 2005. The Bankruptcy Court entered judgment in favor of the plaintiff and found: (1) Under LSA-R.S. 9:2601 *et seq*, Ms. Bell, as Trustee of the Bell Family Trust, breached her fiduciary duties to the beneficiaries of the trust; (2) Under Louisiana Trust Law, Ms. Bell, as Trustee, breached her duty to act as a prudent administrator of the trust; (3) that Ms. Bell is entitled to no compensation for her services as trustee of the trust; (4) that Plaintiff is entitled to judgment against Ms. Bell for the amount of property transferred from the trust, including the $266,000.00 transferred via the Dation En Paiment and the $162,214.96 in expenses paid by Ms. Bell which were unrelated to trust business; (5) that Plaintiff's recovery shall include income received by Ms. Bell ($18,009.97) subsequent to the Dation En Paiment and attributable to the transferred property; (6) that royalty proceeds from the transferred property, in the amount of $38,540.64, constitute property of the estate and shall be turned over to the Bankruptcy Trustee; (7) that without question, avoiding the Dation

En Paiment is the only appropriate method for satisfying the provision of LSA-R.S. 9:2221 requiring a trustee to redress a breach of trust; and (8) that the requirements of sections 548(a)(1)(B)(i)(I) and (II) of the Bankruptcy Code have been satisfied, thus the transfer made pursuant to the Dation En Paiment shall be avoided.

Ms. Bell, on appeal, contends the following: (1) Louisiana Trust law absolutely requires that the first inquiry by the Bankruptcy Court had to be whether Ms. Bell was in bad faith when she took actions as Trustee; (2) that Courts are entirely without any power to "second guess" the judgment of the Trustee unless there is a finding of bad faith; (3) that the Bankruptcy Court committed legal error when it failed to address the bad faith inquiry; (4) that the Bankruptcy Court's factual findings are clearly wrong because the Court ignored the first five years of Ms. Bell's tenure as Trustee, and essentially only dealt with the manner in which she chose to pay her compensation at the end of that five years; and (5) that the Bankruptcy Court's decision is legally incorrect because it erroneously applied the pertinent sections of Louisiana Trust law and Federal Bankruptcy code to the facts of this case.

The Fifth Circuit has held that it will not set aside a Bankruptcy Court's findings of fact unless they are clearly erroneous and the Bankruptcy Court's conclusions of law are reviewed *de novo*. *In Re Acosta* 406 F.3d 367 (5th Cir. 2005). The court must be, "left with the definite and firm conviction that a mistake has been made before we (sic) will disturb the Bankruptcy Court's factual findings." *Id.* As long as there are two permissible views of the evidence, the Fifth Circuit will not find that the fact finder's choice between competing views was clearly erroneous. *In Re Acosta, supra, citing Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 Sup. Ct. 1504, 84 L.Ed.2nd 518 (1985). In Matter of Webb 954 F.2d 1102 (5th Cir. 1992), the Court found that the Bankruptcy Court's findings of fact, "may well have been influenced by observation of these witnesses on the

stand. Such judgments are often inextricably interwoven with the rest of the evidence presented to the trial court. Thus, it is virtually impossible for the district court to emulate the process and consider evidence in exactly the same light as did the Bankruptcy Court. This is a principal reason that the clearly erroneous standard is proscribed and that the de novo standard of review of findings of fact is prohibited."

In light of the applicable standards of review and after DUE CONSIDERATION of the parties' appellate memoranda and the Bankruptcy Court's Reasons for Decision, it is ORDERED, ADJUDGED, and DECREED that the Bankruptcy's Judgment rendered against Ms. Bell and Holdings is hereby AFFIRMED.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 21 day of June, 2006.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA